UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VAL-COM ACQUISITIONS TRUST AND SOPHA VONGKHAM<br><br>Plaintiffs<br><br>v.<br><br>CHASE HOME FINANCE LLC AND JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br><br>Defendants | § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, N.A. ("JPMC" and collectively, "Defendants") file their Notice of Removal of this action from the 298th District Court of Dallas County, Texas, wherein it is now pending as Cause No. DC-10-05148, to the United States District Court for the Northern District of Texas, Dallas Division, the District Court of the United States for the District and Division embracing the place where this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1.  On April 30, 2010, Plaintiffs Val-Com Acquisitions Trust and Sopha Vongkham ("Plaintiffs") commenced an action against Defendants in the 298th District Court of Dallas County, Texas, entitled *"Val-Com Acquisitions Trust and Sopha Vongkham v. Chase Home Finance LLC and JPMorgan Chase Bank, N.A.,"* pending as Cause No. DC-10-05148.

2.  Removal is timely pursuant to 28 U.S.C. § 1446(b), because thirty (30) days have not elapsed since Plaintiffs' Original Petition (the "Complaint") was served upon Defendants on May 5, 2010.

3.  Pursuant to § 1446(d), this Notice of Removal will be filed with the 298th District Court of Dallas County, Texas, and a copy of this Notice of Removal will also be served on the Plaintiffs. In accordance with LR 81.1, attached as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the date the document was filed in the district court; attached as Exhibit "B" is a copy of the docket sheet in the district court action; and, attached as Exhibit "C" are documents filed in the district court action, except discovery material, individually tabbed and arranged in chronological order according to the district court file date. Also, in accordance with Local Rule 81.1, Defendants have filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with LR 3.1(c) and FRCP 7.1.

### Ground for Removal: Federal Question

4.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States, and is a case that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b).

    (a)  In the Complaint, Plaintiffs allege Defendants violated the Truth in Lending Act, 15 USC §1601 et seq.; Regulation Z, 12 CFR Part 226; the Real Estate Settlement Procedures Act, 12 USC §2601 et seq.; and, 24 CFR Part 3500. *See* Complaint, Exhibit C-1. Because Plaintiffs allege claims that arise under federal statutes and regulations, this Court has federal question jurisdiction.

### Ground for Removal: Diversity

5. This Court also has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

    (a) <u>The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements</u>

        (i) Plaintiffs seek a declaratory judgment that Defendants are not entitled to enforce the $95,100.00 note and deed of trust, and consequently, were not entitled to foreclose the subject property. Plaintiffs also seek temporary and permanent injunctive relief restricting Defendants from exercising their rights under the deed of trust securing the subject note. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

        (ii) The real property at issue in this lawsuit has a current fair market value of $111,980.00 according to the Dallas Central Appraisal District and the underlying Deed of Trust secures a Note in the principal amount of $95,100.00. Absent the requested judicial relief, Defendants could be divested of all right, title, and interest to the subject property as a result of the foreclosure sale. Thus, the value of the requested relief to the parties is $111,980.00 – the current appraised fair market value of the subject property.

    (b) <u>There is Complete Diversity between Defendants and Plaintiffs</u>

        (i) CHF was, at the time of the filing of this action, has been at all times since, and still is a limited liability company under the laws of the State of Delaware with

its principal place of business in the State of New Jersey. The sole member of CHF is Chase Home Finance, Inc., a corporation formed under the laws of Delaware, with its principal place of business in New Jersey. Accordingly, CHF is a citizen of Delaware and New Jersey.

(ii) Defendant JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006). Accordingly, JPMC is a citizen of Ohio.

(iii) Plaintiff Val-Com Acquisitions Trust is a trust organized and existing under the laws of the State of Texas that resides in Saginaw, Texas. *See* Petition, Ex. C-1. Therefore, it is a citizen of Texas.

(iv) Plaintiff Sopha Vongkham was, at the time of the filing of this action, have been at all times since, and still is an individual resident citizen of the State of Texas. *See* Petition, Ex. C-1.

(v) 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states; --"

28 U.S.C. § 1332(a) (1).

(vi) For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

(vii)   Under the diversity statute, corporations "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c) (1).

(viii)   As CHF and JPMC are citizens of the States of Delaware, New Jersey, and Ohio, while the Plaintiffs are citizens of the State of Texas, but not Delaware, New Jersey, or Ohio, complete diversity of citizenship exists between the Plaintiffs and Defendants.

(c)   Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter as the amount in controversy meets the federal jurisdictional minimum and there is a complete diversity of citizenship between the Plaintiffs and Defendants.

6.   There has not been any adjudication on the merits of the Complaint in the state court action that would deprive Defendants of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir. 1989) ("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (*quoting* 1A Moore, Federal Practice P 0.157[9] at 153 (1987)).

7.   The State Court in which this action was commenced is within this Court's district and division.

8.   This Notice of Removal is being filed with the 298th District Court of Dallas County, Texas, and is being served via United States Mail on Plaintiffs, as set forth in the attached Certificate of Service.

WHEREFORE, Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A. pray that the above-described action now pending in the 298th District Court of Dallas County, Texas, be removed to this Court.

Respectfully submitted,

/s/ Wm. Lance Lewis
WM. LANCE LEWIS
State Bar No. 12314560
JUSTIN R. OPITZ
State Bar No. 24051140
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)
llewis@qsclpc.com
jopitz@qsclpc.com

**ATTORNEYS FOR DEFENDANTS CHASE HOME FINANCE LLC AND JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to counsel for Plaintiffs, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 28th day May, 2010.

Stephen W. Tiemann
2000 E. Lamar Blvd.
Suite 600
Arlington, Texas 76006

/s/ Wm. Lance Lewis
Wm. Lance Lewis