IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VAL-COM ACQUISITIONS TRUST** and **SOPHA VONGKHAM,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1075-L** |
| **CHASE HOME FINANCE LLC** and **JPMORGAN CHASE BANK, N.A.,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint or in the Alternative, for More Definite Statement, filed July 9, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint.

### I. Factual and Procedural Background

Plaintiffs Val-Com Acquisitions Trust ("Val-Com") and Sopha Vongkham ("Vongkham") (collectively, "Plaintiffs") filed their Original Petition in the 298th Judicial District Court, Dallas County, Texas, on April 30, 2010. They brought claims against Defendants Chase Home Finance LLC ("CHF") and JPMorgan Chase Bank, National Association ("JPMC") (collectively, "Defendants"). Defendants removed the case to this court on May 28, 2010, on the bases of federal question and diversity jurisdiction.

After Defendants filed a motion to dismiss, Plaintiffs filed the live pleading, their First Amended Complaint, on June 25, 2010 (the "Complaint"). Plaintiffs have brought claims of violation of the Truth in Lending Act,15 U.S.C. § 1601 *et seq*. ("TILA"), violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), and fraud in a real estate transaction. They also seek declaratory relief and preliminary and permanent injunctive relief.

Plaintiffs allege that Val-Com is the owner of real property located at 6067 Fox Point Trail, Dallas, Texas 75249 (the "Property"). Val-Com acquired the Property through a General Warranty Deed dated February 23, 2010, from Vongkham. At that time, the Property was subject to certain liens. Val-Com contends that it is the authorized agent or attorney-in-fact of Vongkham with respect to the Property. It alleges that JPMC claims to be the holder of a note and deed of trust with respect to the Property and that CHF claims to be the current mortgage servicer of the underlying loan. Plaintiffs allege that Vongkham originally submitted a loan application to Long Beach Mortgage Company ("LBMC") and that LBMC violated provisions of TILA and RESPA by failing to make required disclosures to her pursuant to those statutes. Vongkham entered into two loans for the Property on October 31, 2005. Plaintiffs contends that, when JPMC became the holder of the loan in dispute, violations of TILA and RESPA were apparent on the face of the loan documents and that it is also therefore liable for violations of the statutes. Defendants have now moved to dismiss all the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Analysis

Defendants contend that all of Plaintiffs' claims are barred by the applicable statute of limitations. They further argue that they cannot be held liable for acts by third parties, that Plaintiffs have not alleged that they made any false representations, that Val-Com lacks standing, and that Plaintiffs are not entitled to declaratory or injunctive relief. In the alternative, they move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Plaintiffs respond that the Complaint complies with Rule 8(a), that they have made allegations based upon a preliminary audit of loan documents, that they have made specific requests for declaratory relief, and that the Complaint is sufficient to state claims upon which relief can be granted. They also contend that Vongkham did not discover, and could not be expected to discover, the alleged violations of TILA and RESPA or the false representations at the time she signed the loan documents. They argue that Plaintiffs are therefore entitled to equitable relief from the statutes

of limitation. Plaintiffs also argue that they are entitled to a determination whether Defendants are the legitimate successors-in-interest to LBMC. Finally, they contend that their requests for declaratory relief are separate from and unrelated to their claims for violation of TILA and RESPA and for fraud.

### A. Statutes of Limitation

Defendants contend that Plaintiffs' claims for violation of TILA and RESPA and for real estate fraud are barred by the applicable statute of limitations. They assert that a TILA claim must be brought within one year from the date of the violation. Similarly, Defendants argue that a RESPA claim must be brought within one or three years depending on the alleged violation. They contend that any claim for fraud pursuant to section 27.01 of the Texas Business and Commerce Code must be brought within its four-year statute of limitations. Defendants argue that these claims are predicated upon alleged violations or misrepresentations by LBMC at the closing of the loan more than four years ago, and therefore that they are barred by the statute of limitations. Defendants argue that Plaintiffs are not entitled to equitable tolling of the statute of limitations because they have failed to identify any reason they did not discover the alleged violations sooner.

Plaintiffs contend that Vongkham is an individual consumer borrower who did not discover and could not have been expected to discover the violations of TILA and RESPA or the misrepresentations made by LBMC. They argue that these injuries are akin to latent injuries, and that they are entitled to equitable relief through the tolling of the statutes of limitation.

The court determines that Defendants are correct and that these claims are barred by the applicable statute of limitations. Plaintiffs cite no case law in support of their position, and they fail to identify any facts that would support equitable tolling.

**Memorandum Opinion and Order – Page 5**

Under TILA, a claim must be brought within one year. 15 U.S.C. § 1640(e). In order to assert equitable tolling under the statute, "a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (citations omitted). Plaintiffs do not assert that Defendants concealed any conduct or that they acted with diligence to discover the alleged violations. Plaintiffs filed their Original Petition on April 30, 2010. To be timely under the TILA one-year statute of limitations, they should have filed their lawsuit no later than October 31, 2006, one year after the loans closed; however, they did not file until nearly three and one-half years had passed since the statute of limitations expired. Accordingly, the court finds that Plaintiffs' TILA claims are barred by the TILA statute of limitations.

Claims brought pursuant to RESPA must be brought within one or three years, depending upon the statutory provision that is claimed to be violated. 12 U.S.C. § 2614. Plaintiffs do not specify which subsection they claim was violated by Defendants. While the Fifth Circuit has not specifically held that equitable tolling is available under RESPA, several district courts have held that, if it is, a plaintiff must show that a defendant actively misled him or her and that equitable tolling should only be available in "rare and exceptional circumstances." *Vanderbilt Mort. and Fin., Inc. v. Flores*, ___ F. Supp. 2d ___, 2010 WL 3359563, *10 (S.D. Tex. Aug. 25, 2010); *see also Hamilton v. First Am. Title Co.*, 2008 WL 382803, *3, n.2 (N.D. Tex. Feb. 13, 2008). In this case, as there is no allegation that Defendants actively misled Plaintiffs, the court finds that even if equitable tolling is permissible under RESPA it is not applicable in this case.

As with the TILA claims, the court finds that these claims accrued when the loans closed on October 31, 2005, and notes that Plaintiffs' Original Petition was not filed until April 30, 2010.

Accordingly, to be timely, these claims should have been filed by October 31, 2006, under the sections of RESPA with a one-year statute of limitations, or October 31, 2008, under the sections of RESPA with a three-year statute of limitations. Even under the longer statute of limitations, Plaintiffs did not file their lawsuit for nearly eighteen months after the statute of limitations expired. Plaintiffs' RESPA claims are therefore also barred by the statute of limitations.

Plaintiffs' fraud in a real estate transaction claim generally alleges that Defendants' predecessors made false representations to Vongkham that she relied upon in executing the loan and acquiring the Property, in violation of section 27.01 of the Texas Business and Commerce Code. Such a claim must be brought "within four years of when the fraud should have been discovered by reasonable diligence." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (citations omitted). For a fraud claim, the action "accrues upon the perpetration of the fraud, or if the fraud is concealed, when it is discovered or, through the exercise of reasonable diligence, should have been discovered." *Pooley v. Seal*, 802 S.W.2d 390, 393 (Tex. App. – Corpus Christi 1990, writ denied). As with the other claims, there is no allegation that Defendants or its predecessors concealed any fraud or that Plaintiffs engaged in any diligence to discover the alleged misrepresentations. These claims therefore accrued at the closing of the loans on October 31, 2005. To be timely, Plaintiffs should have filed their section 27.01 claim no later than October 31, 2009; however, the Original Petition was not filed until April 30, 2010, nearly six months after the statute of limitations expired. Accordingly, this claim is also barred by the statute of limitations.

Because Plaintiffs' TILA, RESPA, and fraud claims are barred by the applicable statute of limitations, dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate. "A statute of limitations may support dismissal under Rule 12(b)(6) [when] it is

**Memorandum Opinion and Order – Page 7**

evidence from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). As nothing in the pleadings indicates any disability that would warrant tolling the applicable statute of limitations under existing precedent, dismissal of these claims is proper under Rule 12(b)(6).

### B. Declaratory Judgment

Defendants also move to dismiss Plaintiffs' requests for declaratory relief. They contend that these requests simply recast Plaintiffs' TILA and RESPA claims and that the same statutes of limitations apply to these requests as to the underlying claims. Plaintiffs respond that these requests are largely unrelated to their TILA, RESPA, and fraud claims and that they are therefore independent claims that should not be dismissed.

The court finds that the declaratory relief sought by Plaintiffs overlaps with but is not identical to the relief sought in the TILA, RESPA, and fraud claims. Even so, Plaintiffs do not allege any future or ongoing injury. The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). As the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than

> speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. State of Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal citations and punctuation omitted). Plaintiffs do not allege any continuing controversy between the parties or the threat of injury in the future. Accordingly, their claim for declaratory judgment should be dismissed without prejudice.

### C. Injunctive Relief

Defendants also move to dismiss Plaintiffs' requests for preliminary and permanent injunctive relief. They contend that these claims fail because there is no underlying claim to support the requests. Plaintiffs do not respond directly to this argument.

The court agrees with Defendants. The elements of a permanent injunction are essentially the same as those for a preliminary injunction "with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). To establish that it is entitled to a preliminary injunction, a plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the

four elements enumerated before an injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

In light of the court's determination that Plaintiffs' other claims should be dismissed, they cannot show a likelihood of success on the merits or actual success on the merits on any claim. Accordingly, the court will deny their requests for preliminary and permanent injunctive relief.

**D.     Leave to Amend**

Finally, the court considers Plaintiffs' request for leave to amend to replead their claims. Leave to amend is to be freely given unless there is a substantial reason to deny it. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In determining whether to grant leave to amend, the court considers such factors as undue delay, failure to cure deficiencies by prior amendment, and futility of amendment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

In this case, the court determines that leave should not be granted. Plaintiffs have once amended their pleading in response to Defendants' first motion to dismiss, which raised the same arguments as the instant motion. Plaintiffs have had an opportunity to cure the deficiencies raised by Defendants, but they have failed to do so. Moreover, in light of the court's determination that Plaintiffs' TILA, RESPA, and fraud claims are barred by the applicable statute of limitations, the court determines that amendment would be futile. Accordingly, the court will not grant them leave to replead their claims.

**IV.     Conclusion**

For the reasons stated herein, the court **grants** Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint. The court **dismisses** Plaintiffs' TILA, RESPA, fraud in a real estate transaction, and requests for injunctive

relief **with prejudice** and **dismisses** their requests for declaratory relief **without prejudice**. The court will enter judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 28th day of October, 2010.

Sam A. Lindsay  
United States District Judge